IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OUDOM BOSOMBATH,

        Plaintiff,                        No. CIV S-07-2631 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated June 7, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of chronic low back pain but this impairment does not meet or medically equal a listed impairment; plaintiff's complaints regarding low back pain are slightly credible and his other complaints very slightly credible; plaintiff can perform medium work, with walking/standing of six hours and sitting for six hours; plaintiff can perform his past relevant work as an appliance line assembler; and plaintiff is not disabled. Administrative Transcript ("AT") 14-19. Plaintiff contends the ALJ

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

improperly assessed the severity of his impairments, improperly discredited his testimony, improperly assessed his residual functional capacity, and incorrectly found he could perform his past relevant work.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////
/////
/////
/////

III. Analysis

    A. Severity of Mental Impairment

Plaintiff challenges the finding of the ALJ at step two that plaintiff does not have a severe mental impairment. See Pl.'s Mem. P. & A. at 16:12-16. An impairment is not severe only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996).

Plaintiff contends the ALJ should have found at step two that he has a severe mental impairment because he was diagnosed with depression and post traumatic stress disorder. A diagnosis does not a "severe" impairment make within the meaning of the regulations. The ALJ concluded plaintiff's mental impairment was not severe based on the conclusions of the psychiatric consultative evaluation performed by Dr. Behniwal, who concluded plaintiff was capable of performing simple and repetitive tasks as well as detailed and complex tasks, with only mild difficulties associated with accepting instructions from supervisors, performing work on a consistent basis and in maintaining regular attendance. AT 14-15, 169. The ALJ also relied on the assessment of the state agency physician, that plaintiff does not have a severe mental impairment. AT 14, 183, 200. The ALJ also considered the entirety of the medical record, which indicated no treatment by mental health professionals and plaintiff's diagnosed depression and PTSD treatment only with medication. AT 15, 149-165, 201-205. This evidence constitutes substantial evidence supporting the finding of a non-severe mental impairment. See 20 C.F.R. §§404.1521, 416.921 (impairment not severe if it does not significantly limit ability to engage in work activities).

/////

B. Credibility

Plaintiff also contends the ALJ improperly discredited plaintiff's testimony that he was unable to perform work due to pain, depression, dizziness and numbness. See AT 231, 237-241. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900

F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

        The ALJ found plaintiff's complaints of low back pain slightly credible and plaintiff's other complaints of disabling symptoms as very slightly credible. AT 18. In doing so, the ALJ set forth a detailed analysis consonant with the factors set forth above. The ALJ considered plaintiff's medical records, correctly noting there was limited evidence of any treatment for dizziness. AT 18, 141, 202. The ALJ also considered the assessments of the state agency physicians and the examining orthopedic consultant who attributed no limitations to dizziness. AT 18, 171-182. In discounting plaintiff's subjective complaints that he was disabled because of extremity numbness and pain, the ALJ considered the lack of objective findings in the comprehensive orthopedic evaluation[2] and the limited objective findings evident in the medical record. AT 161, 163, 172-173, 204. The ALJ also considered the minimal radiological findings, AT 18, 160, and factored into his credibility analysis the lack of treatment or surgical indications and plaintiff's activities of daily living, which the ALJ found to be inconsistent with a total inability to do any work. AT 18, 61-77, 167. The ALJ properly discredited plaintiff's claim of inability to work based on mental impairments, based on the findings of the state agency physicians and the psychiatric consultative evaluation and the lack of treatment for any severe mental health problems. AT 14-15, 166-170, 183, 200. The factors considered by the ALJ were

---

[2] Plaintiff's contention that the ALJ improperly relied on the findings of the consultative examiner, Dr. Dhaliwal, because the medical records were not provided to this examiner is unavailing. Dr. Dhaliwal's opinion was based on his own objective findings and the very brief medical records do not contain objective findings that are so significant as to undermine those made by Dr. Dhaliwal.

6

all valid and supported by the record.³  The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

   C.  Residual Functional Capacity

Plaintiff further contends the ALJ improperly assessed plaintiff's residual functional capacity.  Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity.  SSR 96-8p.  Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities").

The ALJ assessed plaintiff with the residual functional capacity to perform medium⁴ work, walk/stand six hours, and sit six hours and with no mental limitations.  AT 16.  As discussed above, the ALJ properly discredited plaintiff's subjective complaints and thus did not err in failing to include the limitations plaintiff testified to regarding residual functional capacity.  Also as noted above, the ALJ properly assessed no mental limitations.  AT 169, 183, 200.  There were no functional limitations assessed in plaintiff's treatment records.  AT 140-165, 201-206.  The physical residual functional capacity was properly based on the assessments of the comprehensive orthopedic evaluation and the state agency physicians.  AT 171-174, 176-180.  The ALJ did not err in his assessment of plaintiff's residual functional capacity.

/////

---

   ³ The court notes that at the hearing, the ALJ indicated he intended to issue a favorable decision.  Upon review of the entire record, he ultimately rendered an unfavorable decision.  Because the ALJ's written findings are supported by the record, this court finds no basis for reversal of the ALJ's determination.

   ⁴ 20 C.F.R. § 404.1567(c) provides:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.

D. Past Relevant Work

Plaintiff finally contends the ALJ committed error at step four of the sequential evaluation by finding plaintiff could perform his past relevant work without taking the testimony of a vocational expert. "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. S.S.R. 82-62. See 20 C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974, 404.1565 and 416.965." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e)." Id. at 844-45. The claimant must be able to perform: (1) the actual functional demands and job duties of a particular past relevant job, or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. Id. at 845 (citing S.S.R. 82-61). "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Id. (citing S.S.R. 82-62).

The ALJ properly assessed plaintiff with the residual functional capacity to perform medium work. The ALJ relied on the vocational analysis that found plaintiff's past relevant work was characterized in the DOT[5] as a line appliance assembler. AT 19, 147. Plaintiff concedes the DOT characterizes this work as generally performed as requiring no more than a residual functional capacity for medium work. See Pl.'s Mem. P. & A. at 20:1 & n.3.

/////

/////

---

[5] The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1).

The ALJ did not error in finding plaintiff could perform his past relevant work.  See Sanchez v. Secretary of HHS, 812 F.2d 509, 511 (9th Cir. 1987) (plaintiff not disabled if he or she can perform past work as performed in national economy).

        The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's motion for summary judgment or remand is denied, and

        2.  The Commissioner's cross-motion for summary judgment is granted.

DATED:  March 31, 2009.

_____
U.S. MAGISTRATE JUDGE

006/bosombath.ss